*267 Tbe opinion of tbe Court was delivered by
JOHNSTON, Ch.
Tbis Court is entirely satisfied with tbe' substance of tbe decree.
We are not prepared to say tbat tbe individual creditors of one wbo is a partner bave sucb an exclusive right to payment, out of bis individual property, as to render it fraudulent for bim to appropriate it, or a portion of it, to tbe payment of tbe debts of tbe firm with wbicb be is connected, and for wbicb be is bound. Our opinion on tbat subject is,-tbat tbe right of sucb creditor extends only thus far, viz: — inasmuch as his-claim applies only to tbe private property¡¡,of \bis 'debtor-' (including, as sucb, whatever dry balancfer^aáy.remáiii.to hjim out of tbe firm, after its affairs are compfietelytyound. ujo), while a partnership creditor has a right'ito be paid, not'b_n% out of tbe joint property of tbe firm, butjialsq. put of’ ^be*p^-perty of tbe individual partners: tbe prii^t^j^editb^-^who has only one fund to resort to, has an equit^gj^ipel tbe partnership creditor, wbo has two, to resort first to tbe partnership assets, until be exhausts them. But after tbis is done, tbe partnership creditor has as good a right to be paid any balance still remaining unsatisfied, out of tbe private pro--perty of tbe partner, as any other of bis individual creditors.. Tbis is in conformity to tbe case of Wardlaw vs. Gray (Dud.-Eq. 113), with wbicb we see no reason to be dissatisfied.
But it is sufficient to condemn tbe assignment of Carson, tbat while be has required a release to himself, and to tbe firm of Carson, Belser & Company, be has not made a full-surrender of bis property. A debtor wbo surrenders only-part of bis property, has no right t to exact a release, as tbe condition of bis creditor’s acceptance. ■ What right can behave to exonerate bis unassigned assets from bis just debts? What right can be bave to retain part of bis property, and offer another part, and require tbat tbe latter be accepted, as full satisfaction ? Sucb a pretension has been too often and *268 too explicitly condemned, to leave the law at all doubtful on this point.(a)
It is not necessary to look particularly at the condition imposed, requiring a release to the firm as well as to himself. But it seems to be obvious, that such an exaction is unjust and unfair to the creditors of the assignor. Whatever debts of the firm are paid by the private property assigned, to that amount Carson becomes a creditor of the firm. Though it is said the firm has also made an assignment, it no where appears that there may not remain a balance sufficient to reimburse this partner for his advances. But after he is released, what is to prevent his putting this in his pocket, at the expense'of the releasing creditor? And as the partnership is also to be released, is not the creditor deprived of his right, by subrogation, to recover from the firm what his debtor has advanced for its benefit ?
It is needless to pursue this subject. The Chancellor was well warranted in his conclusion that the assignment was partial, and therefore fraudulent, and in setting it aside as such.
We regard the order, continuing the functions of Mr. Eur-man, divested of the power to apply the assigned assets to the purposes of the assignment, as an order appointing him receiver. No ground of objection has been taken to this, and therefore we see no reason to interfere with it.
The decree is ’therefore affirmed; with the modification, indicated in the foregoing opinion, as to the distribution of the individual and partnership assets; and the appeal dismissed accordingly. But we are disposed to enlarge the order, for the benefit of the defendant, Harlee. It is represented, in his answer, that he has some interests in virtue of a prior assignment made by Carson in 1854, or some other time. The Master will, therefore, enquire into the evidence of this, *269 and include, in bis report, tbe nature and subjects of said prior assignment, and wbat said Harlee is entitled to under it, with any special matter. And it is so ordered.
'Wakdlaw, Oh., concurred.
Duhkin, Oh.
In respect to tbe invalidity of tbe assignment, I concur in tbe result; and I concur also in tbe modification of tbe decretal order.

Decree modified.

 See Le^Prinoe vs. Guillemot, 1 Rich. Eq. 217-19; Jacob vs. Corbet, Cheves' Eq. 71.